HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TANYA TALHAME,

    Plaintiff,

v.

EX PARTE, et al.,

    Defendants.

Case No. 2:25-cv-01971-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on *sua sponte* review of Plaintiff Tanya Talhame's complaint, Dkt. # 5, pursuant to 28 U.S.C. § 1915(e)(2)(B), and Ms. Talhame's motion for settlement conference, Dkt. # 7. The Court has reviewed the complaint, the motion, and the balance of the record. For the reasons set forth below, the complaint is **DISMISSED** and the motion for settlement conference is **DENIED**.

## II.    BACKGROUND

Ms. Talhame, proceeding *pro se* and *in forma pauperis*, alleges Defendants Angeline Apartments wrongfully evicted her following an inspection of her apartment

ORDER - 1

unit. Dkt. # 5 at 7.[1] Ms. Talhame's complaint indicates this court has federal question jurisdiction over the matter and lists the following as bases for federal jurisdiction: "discrimination," "defamation," "hate crime," "burglary," "negligence," "wrongful eviction," "misconduct," "tort," "breach of privacy," and "harassment." *Id.* at 3.

### III. LEGAL STANDARD

When a litigant is proceeding *in forma pauperis*, the Court may review the complaint and dismiss it if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous for purposes of this statute if a plaintiff fails to allege subject matter jurisdiction. *Stroud v. Burton*, No. 24-cv-2153, 2025 WL 2022092, at *1 (W.D. Wash. July 18, 2025). There are two common bases for federal subject matter jurisdiction: federal question and diversity. Under federal question jurisdiction, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, federal district courts have original jurisdiction of civil actions between "citizens of different States" where "the amount in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332.

Courts hold *pro se* plaintiffs to less stringent pleading standards and liberally construe a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), courts give *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The complaint also lists SP Columbia City as a defendant but it is unclear what role SP Columbia City played in the alleged events.

ORDER - 2

## IV. DISCUSSION

Ms. Talhame asserts federal question jurisdiction in this case. Dkt. # 5 at 3. However, she fails to identify any federal law, treatise, or constitutional provision that give rise to her claims. Her allegation that she was wrongfully evicted from her apartment appears to fundamentally arise from state law. Accordingly, the complaint must be dismissed for lack of subject matter jurisdiction.

Dismissal is with leave to amend to cure the deficiencies in the complaint. Any amended complaint should clearly explain why this Court has jurisdiction over this case. Failure to allege jurisdiction will result in final dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

Ms. Talhame also filed a motion for settlement conference. Dkt. # 7. The Court, in its discretion, declines to order a settlement conference at this early stage, particularly in light of its dismissal of Ms. Talhame's complaint and the fact that no summons has issued in this case.

## V. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the complaint, Dkt. # 5, **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** within 21 days of the date of this order. The Court **DENIES** Plaintiff's motion for settlement conference, Dkt. # 7.

Dated this 4th day of December, 2025.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge